IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID PAYNE,**

          **Plaintiff,**

    v.                                         CASE NO. 12-3240-SAC

**BRENDA BENSON, et al.,**

          **Defendants.**

## O R D E R

This matter is a civil rights action filed by a prisoner in federal custody. Plaintiff proceeds pro se; he has submitted neither the $350.00 filing fee nor a motion to proceed in forma pauperis.

Plaintiff seeks a court order directing officials at the United States Penitentiary, Leavenworth, to admit him to the Bureau of Prisons' Residential Drug Abuse Program (RDAP), or, in the alternative, he seeks monetary damages.

The court takes notice that plaintiff filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 seeking placement in the RDAP.[1] That matter was dismissed due to plaintiff's failure to demonstrate his exhaustion of the administrative remedy procedure.

This action is governed by the Prison Litigation Reform Act (PLRA), and pursuant to 42 U.S.C. § 1997e(a), a prisoner also must exhaust all available administrative remedies before commencing a federal lawsuit concerning prison conditions. A prisoner who does not properly complete the remedy procedure has not met the exhaustion

---

[1] *Payne v. Maye*, 12-3232-RDR.

requirement. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Plaintiff appears to concede that he did not complete the administrative grievance process, as he states the grievance was "denied b/c I did not get my proof of documents to the central office soon enough." (Doc. 1, p.3.)

Accordingly, the court will direct plaintiff to show cause why this matter should not be dismissed due to his failure to properly complete the exhaustion process.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including February 22, 2013, to submit the filing fee or a motion for leave to proceed in forma pauperis to the clerk of the court.

IT IS FURTHER ORDERED plaintiff shall show cause on or before February 22, 2013, why this matter should not be dismissed due to his failure to properly exhaust the grievance process. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 30th day of January, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge